IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

------------------------------------------------------------------ x
:
In re Application of CHEVRON CORPORATION for   :
an Order Pursuant to 28 U.S.C. § 1782 to Conduct   :   Case No. _____
Discovery for Use in Foreign Proceedings.   :
:
:
------------------------------------------------------------------ x

**APPLICATION OF CHEVRON CORPORATION FOR AN ORDER
PURSUANT TO 28 U.S.C. § 1782 FOR EXPEDITED SERVICE AND
ENFORCEMENT OF SUBPOENA FOR USE IN FOREIGN
PROCEEDINGS**

Pursuant to 28 U.S.C. § 1782 and Rules 26, 30, 34, and 45 of the Federal Rules of Civil Procedure, Petitioner Chevron Corporation ("Chevron") hereby applies to this Court for an order granting leave to serve Joseph C. Kohn, a lawyer in this District, and his law firm, Kohn, Swift & Graf, P.C. (collectively, "Kohn"), with the subpoenas annexed to the Declaration of Scott A. Edelman as Exhibit GG. Chevron's application is based upon the accompanying memorandum of law, the Declaration of Scott A. Edelman ("Decl."), the Request for Judicial Notice of U.S. Filings ("U.S. RJN"), and the Request for Judicial Notice of Court Filings and Orders in the Lago Agrio Litigation and of Provisions of Ecuadorian Law ("Ecuador RJN"). Given the urgent need for this discovery, Chevron asks this Court to enter an order to show cause setting a briefing schedule on both any opposition to the application and any objections or motions directed to the subpoenas.

Chevron respectfully applies to this Court for an order pursuant to Section 1782 to obtain documents and deposition testimony from Kohn for use in two pending foreign proceedings in which Chevron is a party, and for an Order to Show Cause establishing a rapid briefing schedule for objections. The two foreign proceedings at issue are: (1) a suit filed against Chevron in 2003 in the Provincial Court of Justice of Sucumbíos in Nueva Loja, Ecuador (the "Lago Agrio

Litigation"); and (2) an international arbitration brought by Chevron and Texaco Petroleum Company ("TexPet") against the Republic of Ecuador ("ROE"), filed on September 23, 2009, under the Bilateral Investment Treaty between the United States and Ecuador (the "Treaty Arbitration").

As the concurrently filed Memorandum of Law explains in more detail, Chevron seeks discovery from Kohn relating to the substantial fraud and collusion in connection with the Lago Agrio Litigation, including information in Kohn's possession, custody or control concerning support for the environmental consultants who ghost wrote a supposedly independent Special Master's $27.3 billion damage report. After reviewing some of the evidence Chevron has already obtained regarding the conduct of Plaintiffs' representatives, Magistrate Judge Howell of the Western District of North Carolina ruled: "While this court is unfamiliar with the practices of the Ecuadorian judicial system, the court must believe that the concept of fraud is universal, and that what has blatantly occurred in this matter would in fact be considered fraud by any court." U.S. RJN, Ex. N, 12 (*In re Applic. of Chevron Corp.*, No. 1:10-mc-00027 (W.D.N.C. Aug. 30, 2010)).

Chevron's Application meets the requirements of Section 1782. First, Kohn and his law firm reside or may be found in the Eastern District of Pennsylvania. Second, the discovery sought is for use in proceedings currently pending before two foreign tribunals: the Lago Agrio Litigation and the Treaty Arbitration. Third, as a litigant in those proceedings, Chevron is an "interested person" within the meaning of Section 1782. *See* Memorandum of Law in Support of Application ("Memorandum"), §§ III.A, III.B.

The discretionary factors a court considers in determining whether to grant a Section 1782 request, set forth by the Supreme Court in *Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 249 (2004), also favor granting this Application. First, Kohn is not a participant in the

2

foreign proceedings. Second, Ecuadorian courts historically have been receptive to Section 1782 assistance from federal courts. Third, this Application does not constitute an attempt to circumvent foreign proof-gathering restrictions and is a good faith effort to obtain probative evidence. Finally, the documents and limited testimony sought are not unduly intrusive or burdensome. The discovery requested goes to central issues in both foreign proceedings and would be permitted under the Federal Rules of Civil Procedure. And "to the extent there is a burden, the benefit of shining light on allegedly corrupt proceedings significantly outweighs the burden, cost or hardship imposed on the Respondents." U.S. RJN, Ex. M, 11. *See* Memorandum, §§ III.C, III.D.

Chevron has filed a number of related Section 1782 petitions seeking discovery regarding fraud in the Lago Agrio Litigation, which have been uniformly granted by each of the **eleven** federal courts to have decided them (two of which were appealed to, and affirmed by, the Second and Fifth Circuits). *See* Memorandum of Law, 2-3 n.1. Significantly, courts have approved Section 1782 applications directed to other lawyers involved in the Lago Agrio Litigation. *Id.* at 2 n.1, 26-30. The Southern District of New York has also denied petitions by the Republic of Ecuador and Plaintiffs to stay the Treaty Arbitration, and a request for an injunction prohibiting all Section 1782 discovery. That court dismissed the petitions and denied the injunction, allowing the Treaty Arbitration to proceed, and permitting Chevron to continue its efforts to obtain discovery under Section 1782. *Republic of Ecuador v. Chevron Corp.*, 2010 U.S. Dist. LEXIS 25487 (S.D.N.Y. Mar. 16, 2010).

Chevron has an urgent need for the discovery sought. A hearing in the Treaty Arbitration is scheduled for the week of November 22, 2010. Chevron also must respond to new expert reports submitted by the Lago Agrio Plaintiffs on September 16, 2010, which claim $113 billion in "damages." U.S. RJN, Ex. U, at 1. Further, in light of Plaintiffs' pressing for a speedy

3

resolution of the case, the very real possibility exists that a judgment could be entered in the near future. Chevron needs to submit or proffer further evidence of fraud and collusion in both tribunals before that occurs. Other federal courts to consider the matter have recognized the urgency. *See, e.g.,* U.S. RJN, Ex. U, 2 (finding on October 20, 2010 that "the Lago Agrio plaintiffs are seeking to move the Ecuadorian civil litigation to judgment as quickly as possible" and thus "petitioners have an urgent need for any discovery to which they are entitled here").

Chevron respectfully requests that this Court approve the application for a subpoena by issuing an order to show cause setting an abbreviated briefing schedule on both opposition to the application and any objections or motions directed to the subpoenas. Chevron proposes that Plaintiffs and Kohn be granted six court days from the issuance of the Order to Show Cause to submit any objection or motion to quash the subpoena and/or Section 1782 application, that Chevron receive two court days for its reply, and that, if the Court wishes a hearing, that it be held immediately after Chevron files its reply. Other federal courts have adopted similarly expedited briefing schedules. For example, the District of Vermont recently adopted a similarly expedited schedule in connection with a related 1782 Application for discovery filed by Chevron. *See, e.g.*, U.S. RJN, Ex. W (October 22, 2010 Order to Show Cause); *see also, e.g.*, U.S. RJN, Ex. X (August 20, 2010 Order to Show Cause setting similarly expedited schedule). Moreover, given the nature of the fraud, Chevron also asks the Court to put in place whatever

requirements, procedures, or protocols may be necessary to preserve the important evidence Chevron seeks during the pendency of this Application.

Dated: November 16, 2010              Respectfully submitted,

                                      _____
                                      Arthur Makadon (Pa. I.D. No. 17104)
                                      Burt M. Rublin (Pa. I.D. No.32444)
                                      BALLARD SPAHR LLP
                                      1735 Market Street, 51st Floor
                                      Philadelphia, PA 19103-7599
                                      Telephone: 215.665.8500
                                      Facsimile: 215.864.8999

                                      OF COUNSEL:

                                      GIBSON, DUNN & CRUTCHER LLP
                                      Randy M. Mastro
                                      200 Park Avenue, 47th Floor
                                      New York, New York 10166-0193
                                      Telephone: 212.351.4000
                                      Facsimile: 212.351.4035

                                      Scott A. Edelman
                                      2029 Century Park East
                                      Los Angeles, CA 90067
                                      Telephone: 310.552.8500
                                      Facsimile: 310.551.8741

                                      Andrea E. Neuman
                                      3161 Michelson Drive
                                      Irvine, CA 92612
                                      Telephone: 949.451.3800
                                      Facsimile: 949.451.4220

                                      *Attorneys for Applicant Chevron Corporation*

100837370_4.doc