# IN THE UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

Civil Action No: _____

In re Application of CHEVRON
CORPORATION for an Order Pursuant to
28 U.S.C. § 1782 to Conduct Discovery for
Use in Foreign Proceedings.

---

**[PROPOSED] ORDER ON APPLICATION OF CHEVRON CORPORATION FOR AN
ORDER PURSUANT TO 28 U.S.C. § 1782 FOR EXPEDITED SERVICE AND
ENFORCEMENT OF SUBPOENA FOR USE IN FOREIGN PROCEEDINGS**

---

The Application for an Order Pursuant to 28 U.S.C. § 1782 to Conduct Discovery for Use in Foreign Proceedings ("Application") was held on October 26, 2010.  By its Application, Chevron Corporation ("Chevron") seeks discovery from Joseph Kohn and his law firm, Kohn, Swift & Graf, P.C. ("Respondents").  All evidence, arguments, and law having been duly considered, the Court rules as follows:

The Application is GRANTED.  The Court hereby GRANTS Chevron leave to serve Joseph Kohn and Kohn, Swift & Graf, P.C. with the subpoenas annexed to the Declaration of Scott A. Edelman as Exhibit GG.

In so ruling, the Court finds that the requirements of Section 1782 are met.  First, Respondents reside or may be found in the Eastern District of Pennsylvania.  Second, the discovery sought is for use in proceedings currently pending before two foreign tribunals: *Maria Aguinda y Otros v. Chevron Corporation* pending in the Provincial Court of Justice of Sucumbíos in Ecuador (the "Lago Agrio Litigation"), and *Chevron Corporation and Texaco Petroleum Company v. The Republic Of Ecuador*, an arbitration claim under the Bilateral

Investment Treaty between the United States and Ecuador pending in the Permanent Court of Arbitration in the Hague (the "Treaty Arbitration"). Third, as a litigant in those proceedings, Chevron is an "interested person" within the meaning of Section 1782.

The Court further finds that the discretionary factors set out by the United States Supreme Court in *Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 249 (2004), weigh in favor of granting the Application. Those factors are: (1) whether the person from whom discovery is sought is a participant in the foreign proceeding; (2) the receptivity of the foreign tribunal to federal-court assistance; (3) whether the request constitutes an attempt to circumvent foreign proof-gathering restrictions; and (4) whether the request is unduly intrusive or burdensome.

The Court finds that Respondents are not a "participants" in either the Lago Agrio Litigation or the Treaty Arbitration within the meaning of Section 1782. Both arbitral tribunals and Ecuadorian Courts have historically been receptive to Section 1782 assistance from U.S. federal courts. *See In the Matter of Compania Chilena de Navegacion Interoceanica S.A.*, No. 03 CV 5382 (ERK), 2004 U.S. Dist. LEXIS 6408 (E.D.N.Y. Jan. 29, 2004); *In re Applic. of Noboa*, Nos. M18-302, M19-111, 1995 U.S. Dist. LEXIS 14402 (S.D.N.Y. Oct. 3, 1995); *In re Oxus Gold PLC*, No. MISC 06-82-GEB, 2007 U.S. Dist. LEXIS 24061 (D.N.J. Apr. 2, 2007); *Ukrnafta v. Carpatsky Petroleum Corp.*, No. 3:09 MC 265 (JBA), 2009 U.S. Dist. LEXIS 109492 (D. Conn. Aug. 27, 2009); *Norfolk S. Corp. v. Gen. Sec. Ins. Co.*, 626 F. Supp. 2d 882 (N.D. Ill. 2009). The Court finds that the Application does not constitute an attempt to circumvent foreign proof-gathering restrictions. A petitioner under Section 1782 need not show evidence to be discoverable or admissible in the foreign jurisdiction. *Intel Corp.*, 542 U.S. at 261. Rather, in determining whether a petition is an effort to circumvent foreign proof-gathering restrictions, the consideration for a district court is whether the discovery is being sought in bad

faith.  *Minatec Fin. S.A.R.L. v. SI Group Inc.*, No. 1:08-CV-269 (LEK/RFT), 2008 U.S. Dist. LEXIS 63802, at *26 (N.D.N.Y Aug. 18, 2008).  Based on the evidence submitted, Chevron's request for discovery is a good-faith effort to obtain probative evidence.  Finally, the Court finds that the discovery requests and topics are not unduly intrusive or burdensome.  The discovery requested goes to central issues in both foreign proceedings and the discovery would be permitted under the Federal Rules of Civil Procedure.


**IT IS SO ORDERED.**

By the Court::


Dated:_____           _____

, J.