IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE APPLICATION OF CHEVRON CORPORATION for an Order Pursuant to 28 U.S.C. § 1782 to Conduct Discovery for Use in Foreign Proceedings, | : : : : : : : : : : | MISCELLANEOUS ACTION<br><br>No. 10-MC-208 |
| v. | | |
| JOSEPH C. KOHN, ESQUIRE and KOHN, SWIFT & GRAF, P.C., Respondents. | | |

| | | |
|---|---|---|
| IN RE APPLICATION OF RODRIGO PEREZ PALLARES, an Ecuadorian citizen, and RICARDO REIS VEIGA, an American citizen, for an Order Pursuant to 28 U.S.C. § 1782 to Conduct Discovery for Use in Foreign Proceedings, | : : : : : : : : : : : : | MISCELLANEOUS ACTION<br><br>No. 10 -MC-209 |
| v. | | |
| JOSEPH C. KOHN, ESQUIRE and KOHN, SWIFT & GRAF, P.C., Respondents. | | |

DuBOIS, J.                                                         December 22, 2010

**M E M O R A N D U M**

This Memorandum is filed pursuant to Local Appellate Rule 3.1, which permits a trial judge to "file and transmit to the parties a written opinion or a written amplification of a prior written or oral recorded ruling or opinion" when a matter is on appeal.

On December 20, 2010, the Court granted the applications of Chevron Corporation ("Chevron") and two of its attorneys, Rodrigo Perez Pallares, Esquire ("Pallares"), and Ricardo Reis Veiga, Esquire ("Veiga"), pursuant to 28 U.S.C. § 1782(a), for the issuance of subpoenas requiring respondents Joseph C. Kohn and his law firm, Kohn Swift & Graf, P.C. ("KSG")

(collectively, "the respondents"), to produce documents and appear at depositions in Philadelphia. Pursuant to the Memorandum and Order dated December 20, 2010, the respondents were ordered to produce all documents and information related to the Lago Agrio Litigation in Ecuador, and Mr. Kohn was directed to appear for up to two days of deposition testimony, seven hours per day, limited to documents and information related to that litigation. The first part of the deposition of Mr. Kohn was scheduled to begin on December 23, 2010.

The Court conducted oral argument on the applications on an expedited basis on December 17 and 20, 2010, because of the need for the documents by the individual applicants, Pallares and Veiga, who are defending related criminal charges in Ecuador. A preliminary hearing in the Ecuadorian criminal proceeding is scheduled for January 5, 2011.

At the conclusion of oral argument on December 20, 2010, the Ecuadorian Plaintiffs—interested parties who participated in the proceedings before this Court—moved for a one-week stay of this Court's Order to enable them to review the subpoenaed documents before their disclosure. That request was denied, as was a similar request for a three-day stay. The Court determined that Pallares and Veiga urgently needed the deposition testimony and documents to defend themselves at the preliminary hearing. As another court considering a similar application stated, "[Pallares and Veiga] clearly are faced with an immediate threat of irreparable injury if any stay, even the interim stay sought at the moment, were granted. For them, every second counts." In re Application of Chevron Corp., No. 10-MC-02, 2010 WL 4861351, at *4 (S.D.N.Y. Nov. 30, 2010).

This Court's denial of the requested stay was also based on evidence that the Ecuadorian Plaintiffs were at least partially responsible for the initiation of the Ecuadorian criminal

proceedings against Pallares and Veiga.  In their submissions, Pallares and Veiga presented evidence that the prosecution in Ecuador was a sham, instigated by the Ecuadorian Plaintiffs as part of a strategy to exert settlement pressure in the civil suit they filed against Chevron in Ecuador.

Pallares, Veiga, and Chevron presented this Court with an issue that required prompt resolution.  This Court concluded that justice would not be served by granting the requested stay.