**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA**

```
------------------------------------------------------------------ x
                                                   :
In re Application of CHEVRON CORPORATION for       :   Case No. 2:10-MC-00208-JD
an Order Pursuant to 28 U.S.C. § 1782 to Conduct   :
Discovery for Use in Foreign Proceedings.          :
                                                   :
                                                   :
------------------------------------------------------------------ x
```

**PETITIONER CHEVRON CORPORATION'S CHART SUMMARIZING
28 U.S.C. § 1782 PROCEEDINGS ADDRESSING CRIME-FRAUD
IN RESPONSE TO THE COURT'S ORDER OF JUNE 14, 2011**

Pursuant to the Court's Order of June 14, 2011 (Dkt. #73), Petitioner Chevron

Corporation ("Chevron") hereby submits a chart summarizing 28 U.S.C. § 1782 proceedings

related to the Lago Agrio litigation addressing the issue of crime-fraud.  The chart includes a

brief summary of the § 1782 proceedings where courts have (1) vitiated the attorney-client

privilege and work-product protection by applying the crime-fraud exception; (2) found the

crime-fraud exception inapplicable in light of the facts of those particular § 1782 proceedings;

(3) ordered documents produced on other grounds without reaching the issue of crime-fraud,

despite arguments by the parties on the issue; and (4) not made any substantive rulings on

discovery.  In accordance with the Court's Order, wherever applicable, the chart identifies any

evidentiary hearings (and their length) addressing crime-fraud, along with identifying those

proceedings where the court conducted an *in camera* review of responsive documents prior to

addressing crime-fraud.  The relevant memoranda, opinions, orders, and transcripts addressing crime-fraud are attached hereto as Exhibits 1-40.


Dated:  June 28, 2011                                   Respectfully submitted,


                                                          /s/ Arthur Makadon
                                                          Arthur Makadon (Pa. I.D. No. 17104)
                                                          Burt M. Rublin (Pa. I.D. No.32444)
                                                          BALLARD SPAHR LLP
                                                          1735 Market Street, 51st Floor
                                                          Philadelphia, PA 19103-7599
                                                          Telephone: 215.665.8500
                                                          Facsimile: 215.864.8999

                                                          OF COUNSEL:

                                                          GIBSON, DUNN & CRUTCHER LLP
                                                          Randy M. Mastro
                                                          Andrea E. Neuman
                                                          200 Park Avenue, 47th Floor
                                                          New York, New York 10166-0193
                                                          Telephone: 212.351.4000
                                                          Facsimile: 212.351.4035

                                                          Scott A. Edelman
                                                          2029 Century Park East
                                                          Los Angeles, CA 90067
                                                          Telephone: 310.552.8500
                                                          Facsimile: 310.551.8741


                                                          *Attorneys for Applicant Chevron Corporation*

**Crime-Fraud Rulings In Applications Under 28 U.S.C. § 1782 Related To The Lago Agrio Litigation**

I.     **Cases In Which Courts Ordered Discovery And Applied The Crime-Fraud Exception**

| Case | Summary of Key Rulings Relating to Crime-Fraud | Hearing on Crime-Fraud? | Review documents? | Citations |
|------|-----------------------------------------------|-------------------------|-------------------|-----------|
| **UBR**<br><br>D.N.J. and 3rd Circuit; filed 5/26/2010 | **Background:**  Chevron sought discovery from Uhl, Baron, Rana & Associates ("UBR") on the basis that UBR served as Plaintiffs' consultant and drafted what became the basis for Annex R to the Cabrera Report, at the same time UBR team member Cristóbal Villao was listed as a member of Cabrera's supposed team.<br><br>**Summary of Proceedings:**  The District Court found privilege did not apply to the communications with Cabrera.  (Exhibit 1 at 40:18-22, 43:1-12).  The court concluded that any privilege as to other responsive documents had been either waived or did not apply as a result of the crime-fraud exception:  "As far as the Court is concerned, the concept of an employee of a party covertly functioning as a consultant to a court appointed expert in the same proceeding can only be viewed as a fraud upon that tribunal . . . ." (*Id.* at 43:13-44:16).  The court issued an order granting the application on June 15, 2010 (Ex. 2), and UBR appealed.<br><br>On Feb. 3, 2011, the Third Circuit held that "the documents were submitted to Cabrera in a manner inconsistent with keeping them from Chevron, and therefore the work-product doctrine and the attorney-client privilege were waived as to the documents submitted to Cabrera." (Ex. 4 at 26).  The Third Circuit held that, whether or not the Ecuadorian court would interpret it differently, the dual employment of Villao creates a *prima facie* showing of the first prong required for a crime/fraud exception.  (*Id.* at 28).  The Third Circuit concluded that the record did not sufficiently address whether communications between the attorney and client were in furtherance of the fraud, and the Third Circuit vacated the District Court's opinion that the crime/fraud exception applied but remanded for document-specific *in camera* review to determine whether individual documents fell within the | District Court: Yes. 1.5 hours (est.), 6/11/2011.<br><br>Third Circuit: Oral argument of less than 1 hour (est.) on 11/17/2010. | No | *In re Application of Chevron Corp.*, No. CV-10-2675 (SRC)<br><br>Hearing Transcript, 6/11/2010 (Exhibit 1)<br><br>Order, 6/15/2010 (Exhibit 2)<br><br>Transcript of Oral Argument Before the Third Circuit (Exhibit 3)<br><br>Opinion of the Third Circuit, 2/3/2011 (Exhibit 4) |

**Crime-Fraud Rulings In Applications Under 28 U.S.C. § 1782 Related To The Lago Agrio Litigation**

| Case | Summary of Key Rulings Relating to Crime-Fraud | Hearing on Crime-Fraud? | Review documents? | Citations |
|------|-----------------------------------------------|------------------------|-------------------|-----------|
| **UBR** (cont.) | crime-fraud exception.  (*Id.* at 28-30).  The Third Circuit noted that *in camera* review is not necessarily mandated for a crime-fraud determination.  (*Id.* at 30-31 n.19).<br><br>On remand, the parties entered a stipulated agreement whereby UBR agreed to produce all documents responsive to the subpoena directed to UBR, and UBR has not made any further claim of any privilege as to those documents.  (Ex. 5)  Notwithstanding this agreement, UBR's productions remains incomplete. | | | Stipulation Ordered by the Court, 2/17/2011 (Exhibit 5) |

**Crime-Fraud Rulings In Applications Under 28 U.S.C. § 1782 Related To The Lago Agrio Litigation**

| Case | Summary of Key Rulings Relating to Crime-Fraud | Hearing on Crime-Fraud? | Review documents? | Citations |
|---|---|---|---|---|
| **E-Tech / Powers**<br><br>S.D. Cal.; filed 5/27/2010 | **Background**:  Chevron sought documents and a deposition from LAP consultant E-Tech and its chief engineer, William Powers, concerning their support for the work attributed to Cabrera.  Chevron argued that Respondents' work product incorporated into the Cabrera Report was not privileged under U.S. law or Ecuadorian law, and crime-fraud exception vitiated any potentially applicable privileges.<br><br>**Summary of Proceedings**:  After conducting two hearings, Magistrate Judge McCurine granted Chevron's application, finding not only that the work product doctrine was waived, but also that the crime-fraud exception was implicated: "[t]he work product privilege was waived when Powers' work product was adopted in whole cloth by Mr. Cabrera as his own work and translated into Spanish," and "the crime fraud exception [was] implicated by the ghost writing that was done." (Ex. 6 at 57:23-58:3). At a subsequent hearing, the court found, "Given the crime fraud exception, I think that [Chevron] has the right under the Doctrine of Fairness to explore the extent of the alleged corruption in the preparation of the [Cabrera] [R]eport and its justification before the Ecuadorian Court. . . . [and] to determine the genesis of the fraud as well as the evolution of the fraud . . ." (Ex. 7 at 7:1-9).<br><br>On September 10, 2010, District Court Judge Gonzalez affirmed the magistrate judge's order. (Ex. 9 at * 6-7).  The court found the crime-fraud exception applied: "There is ample evidence in the record that the Ecuadorian Plaintiffs secretly provided information to Mr. Cabrera, who was supposedly a neutral court-appointed expert, and colluded with Mr. Cabrera to make it look like the opinions were his own. Thus, any privilege which existed was waived; Respondents' claim of privilege neither bars production of the subpoenaed documents nor gives Powers a basis for refusing to testify." (*Id.* at *6).   On September 9, 2010, the Ninth Circuit denied Respondents-Appellants' emergency motion for a stay pending appeal. (Ex. 8). | Yes.  2 hours (est.), 8/27/2010; 30 minutes (est.), 9/2/2010; 15 minutes (est.), 9/13/2010. | No | *In re Application of Chevron Corp.*, No. 10-cv-1146-IEG(WMC) (S.D. Cal.).<br><br>Hearing Transcript 8/27/2010 (Exhibit 6)<br><br>Hearing Transcript 9/2/2010 (Exhibit 7)<br><br>Order, 9/9/2010 (Exhibit 8)<br><br>Order, 9/10/2010 (Exhibit 9) |

**Crime-Fraud Rulings In Applications Under 28 U.S.C. § 1782 Related To The Lago Agrio Litigation**

| Case | Summary of Key Rulings Relating to Crime-Fraud | Hearing on Crime-Fraud? | Review documents? | Citations |
|---|---|---|---|---|
| **E-Tech / Kamp**<br><br>D.N.M.; filed 8/16/2010 | **Background:**  Chevron successfully sought discovery from Richard Kamp and E-Tech, consultants to the Lago Agrio Plaintiffs ("LAPs"), concerning collusion with the LAPs' counsel to develop damage estimates and the Cabrera Report.  Chevron argued that any claims of privilege were waived and, in the alternative, that any privilege was eliminated by the crime-fraud exception.<br><br>**Summary of Proceedings:**  On September 1, 2010, the magistrate judge granted the requested discovery.  In a subsequent telephonic hearing, the Magistrate Judge deemed work product privileges waived, but permitted the LAPs/Respondents to submit for *in camera* review attorney-client privileged items. (Ex. 10)  Upon review of the documents, the judge held that "the communications between Donziger and the Respondents constitute third-party communications which, under Tenth Circuit precedent, are not protected by the attorney-client privilege." (Ex. 11 at 5).  The court also found the crime-fraud exception applied, relying on the outtakes from *Crude* and communications between E-Tech and Donziger regarding drafting Cabrera Report work: "The Court concludes that these discussions trigger the crime-fraud exception, because they relate to the corruption of the judicial process, the preparation of fraudulent reports, the fabrication of evidence, and the preparation of the purported expert reports by the attorneys and their consultants." (*Id.* at 11).  The District Court upheld the Magistrate Judge's ruling. | Yes.  20 minutes (est.), 9/7/2011. | Yes.  Reviewed documents over which attorney-client privilege asserted. | *In re Chevron Corp.*, 10-mc-00021 (JCH-LHG)<br><br>Clerk's Minutes, 9/8/2010 (Exhibit 10)<br><br>Memorandum Opinion and Order, 9/13/2010 (Exhibit 11) |

**Crime-Fraud Rulings In Applications Under 28 U.S.C. § 1782 Related To The Lago Agrio Litigation**

| Case | Summary of Key Rulings Relating to Crime-Fraud | Hearing on Crime-Fraud? | Review documents? | Citations |
|---|---|---|---|---|
| **Champ**<br><br>W.D.N.C.; filed 8/16/2010 | **Background:** Chevron sought discovery from Dr. Charles Champ, one of the LAP's consultants, concerning his role in planning and writing the Cabrera Report. Chevron argued that any privilege had been waived and that the crime-fraud exception vitiated any potentially applicable privileges.<br><br>**Summary of Proceedings:**  Following a hearing on August 27, 2010, Magistrate Judge Howell granted Chevron's application and ordered all responsive documents be produced because the crime-fraud exception vitiated any applicable privilege or work-product protection.  (Ex. 12 at *6).  The court concluded: "To the extent that the subpoena seeks materials that may arguably be subject to an attorney-client privilege, an exception to such privilege exists, 'the crime-fraud exception," where attorney-client "communications are made in furtherance of a crime, fraud, or other misconduct." (Ex. 12) (citation omitted).  The court stated, "While respondent has argued that it would be inappropriate for this court to apply its American view of the role of an 'independent court appointed expert' to that of an auxiliary court appointed in an Ecuadorian court, it is very clear from the words used by plaintiffs' lawyer in the meeting—some few weeks before the expert sitting in the room was in fact appointed by the court—that Chevron did not know that the expert report was being ghostwritten by experts for the party opponent, that it would be important for no one at the meeting to tell Chevron that such had occurred, and, to the amusement of those in attendance at the meeting, Chevron would not realize what had happened to them with the independent report.  While this court is unfamiliar with the practices of the Ecuadorian judicial system, the court must believe that the concept of fraud is universal, and that what has blatantly occurred in this matter would in fact be considered fraud by any court. If such conduct does not amount to fraud in a particular country, then that country has larger problems than an oil spill." (*Id.*). The District Court affirmed.  (Ex. 13). | Yes.  1.5 hours, 8/27/2010. | No | *Chevron Corp.* v. *Champ,* Nos. 1:10-mc-27, 10-mc-28<br><br>Order, 8/30/2010 (Exhibit 12)<br><br>Order, 11/29/2010 (Exhibit 13) |

Crime-Fraud Rulings In Applications Under 28 U.S.C. § 1782 Related To The Lago Agrio Litigation

**II.    Cases In Which Courts Ordered Discovery But Declined To Apply The Crime-Fraud Exception**

| Case | Summary of Key Rulings Relating to Crime-Fraud | Hearing on Crime-Fraud? | Review documents? | Citations |
|---|---|---|---|---|
| **Quarles**<br><br>M.D. Tenn. and 6th Cir.; filed 7/16/2010 | **Background:**  Chevron sought discovery from Mark Quarles, one of the environmental consultants hired by Plaintiffs, concerning his possible participation in work provided to Cabrera.  Chevron argued that any privilege was waived as to any documents provided to Cabrera, as well as to any documents provided to others which may have been incorporated in the Cabrera Report and that Quarles may have been involved in a peer review scheme to conceal the fraud.  (Ex. 14 at 22-23.)  To the extent that any of his work product was used in the Cabrera Report and Quarles was involved in communications in furtherance of fraud, Chevron argued that the crime-fraud exception applied.  (*Id.* at 24.)<br><br>**Summary of Proceedings:**  After a hearing on August 16, 2010 regarding Quarles involvement in the purported peer review of the Cabrera Report (Ex. 14), Magistrate Judge Brown granted Chevron's application for discovery, holding that "any attorney-client privilege was waived to the extent documents were provided to Cabrera, a third party." (Ex. 15 at *6-7.)<br><br>Chevron took Quarles' deposition on September 2, 2010.  Following his deposition, Chevron obtained documents in other proceedings that contradicted significant aspects of Quarles' testimony.  Chevron filed a motion to compel additional documents and to re-open Quarles' deposition.  The court granted Chevron's application in part, after *in camera* review of documents, ordering Quarles to submit to a four hour deposition and to produce all documents provided to Cabrera, the Republic of Ecuador ("ROE"), and other third parties. (Ex. 17 at 5.)  Aside from materials submitted to third parties, the court found the materials it had reviewed were protected by the work product doctrine, permitting discovery of Quarles' observations | District Court:<br>Yes.<br>2 hours (est.), 8/16/2010;<br>1 hour (est.), 9/8/2010. | Yes | *In re Application of Chevron Corp.*, No. 10-cv-00686 (JBB)<br><br>Hearing Transcript, 8/16/2010 (Exhibit 14)<br><br>Opinion and Order, 8/17/2010 (Exhibit 15)<br><br>Order, 8/27/2010 (Exhibit 16)<br><br>Opinion and Order, 9/21 /2010 (Exhibit 17) |

**Crime-Fraud Rulings In Applications Under 28 U.S.C. § 1782 Related To The Lago Agrio Litigation**

| Case | Summary of Key Rulings Relating to Crime-Fraud | Hearing on Crime-Fraud? | Review documents? | Citations |
|------|-----------------------------------------------|-------------------------|-------------------|-----------|
| **Quarles** (cont.) | regarding Cabrera's sampling, but not his opinions. (*Id.* at 4)  In dicta, the court stated that Quarles' opinions were not discoverable pursuant to the crime-fraud exception absent "sufficient evidence that Quarles had actual knowledge of or participated in the alleged fraud on the Ecuadorian court." (*Id.* at 6-7). The court pointed out that "[w]hile fraud on any court is a serious accusation that must be investigated, it is not within the power of this court to do so" and "the crime fraud arguments require the Magistrate Judge to make fact findings outside the scope of this § 1782 proceeding." (*Id.* at 2).  On August 27, 2010, the Sixth Circuit denied Respondents' emergency motion for a stay pending appeal, and the appeal was voluntarily dismissed on September 27, 2010. (Ex. 16). | | | |

**Crime-Fraud Rulings In Applications Under 28 U.S.C. § 1782 Related To The Lago Agrio Litigation**

| Case | Summary of Key Rulings Relating to Crime-Fraud | Hearing on Crime-Fraud? | Review documents? | Citations |
|------|-----------------------------------------------|-------------------------|-------------------|-----------|
| **Allen**<br><br>D. Vt.; filed 10/22/2010 | **Background**:  Douglas Allen was one of the "cleansing experts" the LAPs relied upon after the Cabrera fraud was exposed.  Chevron sought discovery from Allen on the grounds that he was a designated expert for the LAPs in the Lago Agrio litigation and relied on the Cabrera Report in drafting his own expert report.  Chevron argued that the crime-fraud exception applied to Allen's work, including his draft reports, because it was part of the LAPs' scheme to use Allen and others as "cleansing experts" and to pass off the Cabrera Report as a legitimate evaluation by a neutral expert when it was, in fact, written by the LAPs' own experts.<br><br>**Summary of Proceedings**:  After a hearing and *in camera* review of all correspondence and drafts between Allen and all firms or attorneys who had contact with him in connection with the creation of his expert report, the court granted Chevron's application in part.  However, the court did not apply the crime-fraud exception, based on the facts specific to Allen.  Among the documents it had reviewed concerning Allen's interactions with counsel, the court found "no evidence of fraud, false pretenses or undue influence" and permitted limited discovery in accordance with the revisions to Rule 26 governing expert witnesses.  (Ex. 18 at 13).  The court noted that Allen's report "names its sources, including the Cabrera reports."  (*Id.* at 6). | Yes, 2.5 hours, 11/19/2010. | Yes | *Chevron Corp. v. Allen*, No. 2:10-mc-91<br><br>Memorandum and Order, 12/2/2010 (Exhibit 18) |

**Crime-Fraud Rulings In Applications Under 28 U.S.C. § 1782 Related To The Lago Agrio Litigation**

| Case | Summary of Key Rulings Relating to Crime-Fraud | Hearing on Crime-Fraud? | Review documents? | Citations |
|---|---|---|---|---|
| **Barnthouse**<br><br>S.D. Ohio; filed 10/22/2010 | **Background**:  Chevron sought discovery from Lawrence Barnthouse on the grounds that he was a designated expert for the LAPs in the Lago Agrio litigation and relied on the Cabrera Report in drafting his own expert report.  Chevron argued that the crime-fraud exception applied to Barnthouse's work, including his draft reports, because it was part of the LAPs' fraudulent scheme to pass of the Cabrera report as a legitimate evaluation by a neutral expert when it was, in fact, written by the LAPs' own experts.  Chevron asserted Barnthouse's report was directly linked to the Lago Agrio fraud as it was based almost exclusively on the Cabrera Report.<br><br>**Summary of Proceedings**:  After a hearing lasting over two hours, the court granted Chevron's application in part.  The court found insufficient evidence that Barnthouse "had any knowledge of the allegedly fraudulent nature of the Cabrera Report, or that he participated in any ongoing fraud by relying on the Cabrera Report knowing it to be fraudulent or on any other documents or information that would call into question the authorship of his own report." (Ex. 19 at 21).  Because Barnthouse had explicitly noted that his "evaluation relie[d] heavily on Cabrera (2008) [and] note[d] significant limitations and uncertainties related to this study," the court found that Barnthouse's report was not fraudulent. (*Id.*)  The court reviewed *in camera* three sets of notes that were prepared by Barnthouse in drafting his report and withheld from Chevron as privileged, and concluded that two sets of notes were drafts protected from discovery and one set was discoverable. (Ex. 20).  Accordingly, the court declined to apply the crime-fraud exception as to the discovery directed to Barnthouse. | Yes. 2 hours, 11/23/2010. | Yes | *In re Application of Chevron Corp.*, No. 1:10-mc-00053-SSB-KLL<br><br>Order, 11/26/2010 (Exhibit 19)<br><br>Order, 12/7/2010 (Exhibit 20) |

**Crime-Fraud Rulings In Applications Under 28 U.S.C. § 1782 Related To The Lago Agrio Litigation**

| Case | Summary of Key Rulings Relating to Crime-Fraud | Hearing on Crime-Fraud? | Review documents? | Citations |
|---|---|---|---|---|
| **Shefftz**<br><br>D. Mass.; filed 10/22/2010 | **Background:**  Chevron sought discovery from Jonathan Shefftz, a designated expert for the LAPs in the Lago Agrio litigation who relied on the Cabrera Report. Chevron argued that any privilege was vitiated by the crime/fraud exception because it was part of the LAPs' scheme to use Shefftz and others as "cleansing experts" and to pass off the Cabrera Report as a legitimate evaluation by a neutral expert when it was instead written by the LAPs' own experts.<br><br>**Summary of Proceedings:**  The District Court granted Chevron's application in part.  (Ex. 21).  The court found that the crime-fraud exception was not applicable under the high standard applied by the First Circuit.  (*Id.* at 265-67).  The Court in *Shefftz* held that Chevron needed to provide evidence that (1) "the client [Shefftz] was engaged in (or was planning) criminal or fraudulent activity when the attorney-client communications took place;" and (2) "the communications were intended by the client to facilitate or conceal the criminal or fraudulent activity." (*Id.*)  The Court also required the party seeking discovery to (a) "provide a 'reasonable basis' to believe the lawyer's service were used by the client to foster a crime or fraud;" (b) show the "*client's* engagement in criminal or fraudulent activity and the *client's* intent with respect to attorney-client communications;" and (c) show that "the client 'use[d] or aim[ed] to use' the attorney to foster the crime or fraud." (*Id.* at 266).  The court found insufficient evidence that Shefftz (rather than the LAPs) "used any lawyer's services to foster a crime or a fraud," "engaged in or intended any criminal or fraudulent activity," or "used or aimed to use communication with his lawyer to facilitate a crime or conceal a crime or fraud."  (*Id.* at 267).  In reaching these findings, the court did not consider the behavior of the LAPs and focused exclusively on Shefftz's behavior, noting Shefftz's "explicit attribution of the Cabrera report." (*Id.*)  After a subsequent motion to compel was filed, LAP/Respondent agreed to produce remaining disputed items on the privilege log. (Ex. 22 at 3). | Yes. 2 hours, 11/22/2010. | No | *In re Chevron Corp.*, No. 10-mc-10352-JLT<br><br>Opinion and Order, 12/7/2010 (Exhibit 21)<br><br>Response to Motion to Compel, 12/13/2010 (Exhibit 22) |

**Crime-Fraud Rulings In Applications Under 28 U.S.C. § 1782 Related To The Lago Agrio Litigation**

| Case | Summary of Key Rulings Relating to Crime-Fraud | Hearing on Crime-Fraud? | Review documents? | Citations |
|---|---|---|---|---|
| **Bonifaz**<br><br>D. Mass.;<br>filed 11/19/2010 | **Background:**  Chevron sought discovery from Cristóbal Bonifaz, one of the former attorneys for the LAPs, who along with Joe Kohn, commenced the *Aguinda* litigation against Texaco in 1993.  Chevron argued that the attorney-client privilege and work-product doctrine did not apply to the discovery sought from Bonifaz, and the crime-fraud exception applied to vitiate any applicable privilege in light of Bonifaz's involvement in trying to bring about sham criminal charges against Chevron's lawyers.<br><br>**Summary of Proceedings:**  On December 15, 2010, the court held a hearing of more than three hours, where it considered the application of the crime-fraud exception. (Ex. 24, at 28:11-34:12).<br><br>On December 22, 2010, the court granted Chevron's application as to four categories of documents and testimony.  (Ex. 23 at 253). The court also found that Chevron had not met its "heavy burden" in establishing the "narrow" crime-fraud exception in light of the fact that Bonifaz's involvement in the Lago Agrio litigation preceded the events surrounding the planning, preparation, and submission of the Cabrera report: "[T]he court finds that they have not met their heavy burden in establishing that narrow exception. More particularly, the court concludes that the applicants have not made a prima facie showing that Bonifaz's assistance was sought by the Ecuador Plaintiff in furtherance of a crime or fraud. . . . The fact that yet other courts have found that the crime-fraud exception applies to other respondents during different time periods does not convince this court otherwise." (*Id.* at 254)  On January 4, 2011, the court ordered the LAPs to submit for *in camera* review fourteen documents that Bonifaz deemed responsive but the LAPs asserted were privileged, but the parties resolved the matter without submitting any documents for the court's review. | Yes. 3 hours, 12/15/2010. | No.  *In camera* review ordered but privilege claims resolved without court review. | *In re Application of Chevron Corp.*, Case Nos. 3:10–mc–30022–MAP, 3:10–mc–30023–MAP<br><br>Opinion and Order, 12/22/2010 (Exhibit 23)<br><br>Hearing Transcript, 12/15/2010 (Exhibit 24) |

Crime-Fraud Rulings In Applications Under 28 U.S.C. § 1782 Related To The Lago Agrio Litigation

**III.     Cases In Which Courts Ordered Discovery Without Reaching Crime-Fraud, Despite Arguments On The Issue**

| Case | Summary of Key Rulings Relating to Crime-Fraud | Hearing on Crime-Fraud? | Review documents? | Citations |
|---|---|---|---|---|
| **Stratus**<br><br>D. Colo.; filed 1/8/2010 | **Background:**  Chevron sought discovery from Stratus Consulting, a consultant hired by the Lago Agrio Plaintiffs ("LAPs"), to determine Stratus's role in crafting the Cabrera Report, and to examine the scientific underpinnings and validity of the work as well as Cabrera's credibility as a neutral and independent expert.  After Stratus revealed that there had been direct contacts between Stratus and Cabrera, Chevron argued that those contacts were not subject to privilege.  Chevron also argued that such secret *ex parte* contacts with a supposedly independent court expert fall within the crime-fraud exception, and that the LAPs' attempt to fashion a separate privilege for the "alleged clients" as a shield from crime-fraud was meritless.<br><br>**Summary of Proceedings:**  After a brief hearing on March 4, 2010, which the respondents did not attend, the § 1782 application was granted.  On October 1, 2010, the court ruled on privilege issues. (Ex. 25)  The court found that the LAPs failed to establish either attorney-client or work product privilege:  "Logic dictates the Court cannot find a waiver of something that was not established in the first place."  (*Id.* at 13).  Moreover, the court found the LAPs had waived both attorney-client and work product privileges, if they existed, by submitting documents to Cabrera and his team, (*id.* at 16-17), and under the sword-shield doctrine.  (*Id.* at 18-19).  Having found that LAPs/Respondents failed to establish privilege adequately, and waived any privilege they may have had, the court declined to reach the crime-fraud exception.  (*Id.* at 19). | Yes.  2.5 hours (est.), 4/27/2010; and  0.5 hours (est.), 9/24/2010. | N/A | *Chevron Corp. v. Stratus Consulting, Inc.*, No. 10-CV-00047-MSK-MEH<br><br>Opinion and Order, 10/1/2010 (Exhibit 25) |

**Crime-Fraud Rulings In Applications Under 28 U.S.C. § 1782 Related To The Lago Agrio Litigation**

| Case | Summary of Key Rulings Relating to Crime-Fraud | Hearing on Crime-Fraud? | Review documents? | Citations |
|---|---|---|---|---|
| **Calmbacher**<br><br>N.D. Ga.; filed 2/19/2010 | **Background:**  Chevron sought documents and a deposition from Dr. Charles Calmbacher, arguing that Dr. Calmbacher did not sign or authorize the filing of reports filed under his name.<br><br>**Summary of Proceedings:**  Magistrate Judge Brill granted Chevron's unopposed § 1782 application without any determination regarding application of the crime-fraud exception or review of the documents. | No. | N/A | *In re Application of Chevron Corp.*, No. 1:10-MI-0076-TWT-GGB<br><br>Order, 3/2/2010 (Exhibit 26) |
| **3TM**<br><br>S.D. Tex. and 5th Cir.; filed 3/29/2010 | **Background**:  Chevron sought discovery from 3TM, an environmental consultant for the LAPs, regarding the collusion between Cabrera and the LAPs.  Chevron argued that the crime-fraud exception negated any privilege that might have shielded the documents, asserting that the secret submission of materials to the supposedly independent court expert—and subsequent effort to hide the ghostwriting—in order to improperly influence his testimony and extract a massive judgment, or extort an enormous settlement, was criminal and fraudulent, not confidential.<br><br>**Summary of Proceedings**: Chevron's § 1782 application was granted and affirmed on appeal without a determination of the crime-fraud issue.  (Exs. 27-28.)  After ordering 3TM principal Randy Horsak to submit to a foundational deposition in order to determine the extent to which any privilege held by 3TM was waived by disclosure to Cabrera, the court ordered 3TM to produce within 20 days the documents requested by Chevron and submit to an additional deposition, this time regarding the topics listed in the subpoenas.  (*Id.*) | No. | N/A | *In re Application of Chevron Corp.*, No. 4:10-mc-0134<br><br>Memorandum and Order, 5/20/2010 (Exhibit 27)<br><br>Opinion of the Fifth Circuit, 9/8/2010 (Exhibit 28) |

**Crime-Fraud Rulings In Applications Under 28 U.S.C. § 1782 Related To The Lago Agrio Litigation**

| Case | Summary of Key Rulings Relating to Crime-Fraud | Hearing on Crime-Fraud? | Review documents? | Citations |
|------|------------------------------------------------|-------------------------|-------------------|-----------|
| **Wray** D.D.C.; filed 6/8/2010 | **Background:**  Chevron and other applicants (collectively, "Applicants") sought discovery from Alberto Wray, the Ecuadorian lawyer who filed the Lago Agrio litigation in 2003.  Applicants argued that Wray's blanket assertion of privilege was inappropriate, that communications with the ROE or documents sent to tribunals were not protected by any privilege, and that substantial need and undue hardship justified piercing the privilege.  Finally, Applicants argued that any information regarding fraudulent expert reports submitted to Ecuadorian courts was not protected by privilege due to the crime-fraud exception.  **Summary of Proceedings:**  The Court granted the § 1782 application and concluded that the declarations and privilege log submitted by Respondents failed to "establish any facts necessary to find the attorney-client privilege or work product doctrine protect the sought-after documents." (Ex. 29 at 40).  The court declined to address the applicability of the crime-fraud exception. (*Id.* at 46). On November 4, 2010, the District of Columbia Circuit denied Respondents-Appellants' motions for a stay pending appeal. (Ex. 30) | Yes. 3 hours (est.), 6/22/2010. | N/A | *In re Application of Veiga*, Nos. 10-370 (CKK) (DAR), 10-371 (CKK) (DAR)  Opinion and Order, 11/3/2010 (Exhibit 29)  Order, 11/4/2010 (Exhibit 30) |

**Crime-Fraud Rulings In Applications Under 28 U.S.C. § 1782 Related To The Lago Agrio Litigation**

| Case | Summary of Key Rulings Relating to Crime-Fraud | Hearing on Crime-Fraud? | Review documents? | Citations |
|------|-----------------------------------------------|-------------------------|-------------------|-----------|
| **Donziger**<br><br>S.D.N.Y. and 2nd Cir.; filed 8/6/2010 | **Background**:  Chevron sought documents and deposition testimony from Steven Donziger, an American lawyer described as the "field general" of the Lago Agrio litigation.  Chevron argued that none of the evidence sought was privileged because it constituted discoverable "testimony," any arguable privileges were waived through disclosure, no supposed Ecuadorian privilege existed, and the crime-fraud exception vitiated any potentially applicable privileges.<br><br>**Summary of Proceedings**: After a hearing held on September 23, 2010, the court held that all claimed privileges had been waived by not complying with a local rule requiring a privilege log and found strong evidence that Donziger and others had written some or all of the Cabrera Report.  (Ex. 31 at 3-4).  Although the Court did not need to reach the crime-fraud exception, given the holding of waiver, the court stated that "there is more than a little evidence that Donziger's activities . . . come within the crime-fraud exception to both the privilege and to work product protection," and that "[t]he crime-fraud exception may vitiate any otherwise applicable protection."  (*Id*. at 47-48).<br><br>After denying Respondents-Appellants' motion for a stay pending appeal (Ex. 32), the Second Circuit affirmed on appeal, holding that any claims of privilege with respect to the documents sought by Chevron's subpoena were waived.  (Ex. 33). | District Court: Yes.  1.5 hours, 9/23/2010.<br><br>Second Circuit: Oral argument of 1.5 hours (est.) on 12/9/2010. | N/A | *In re Application of Chevron Corp.*, 10 MC 00002 (LAK)<br><br>Opinion and Order, 11/5/2010 (Exhibit 31)<br><br>Order, 12/2/2010 (Exhibit 32)<br><br>Opinion of the Second Circuit, 12/15/2010 (Exhibit 33) |

**Crime-Fraud Rulings In Applications Under 28 U.S.C. § 1782 Related To The Lago Agrio Litigation**

| Case | Summary of Key Rulings Relating to Crime-Fraud | Hearing on Crime-Fraud? | Review documents? | Citations |
|---|---|---|---|---|
| **Picone/ Rourke**<br><br>D. Md.; filed 10/22/2010 | **Background:**  Chevron sought discovery from Carlos Picone and Daniel Rourke on the grounds that they were designated experts for the LAPs in the Lago Agrio litigation and relied on the Cabrera Report in drafting their own expert reports. Chevron argued that any privilege was vitiated by the crime-fraud exception.<br><br>**Summary of Proceedings:**  After a hearing on November 23, 2010, the District Court granted Chevron's application without reaching the issue of the crime-fraud exception.  Ex. 34.  After Chevron filed a motion to compel, Picone produced documents previously withheld as privileged.  Rourke also produced all documents that the LAPs and Picone had claimed were protected by work product privilege under amended Rule 26. | Yes.  1 hour (est.), 11/23/2010. | N/A | *In re Application of Chevron Corp.*, 10-CV-2989-AW, 10-CV-2990-AW<br><br>Opinion and Order, 11/24/2010 (Exhibit 34) |
| **Scardina**<br><br>W.D. Va.; filed 11/24/2010 | **Background:**  Chevron sought discovery from Dr. Robert Paolo Scardina on the grounds that he was a designated expert for the LAPs in the Lago Agrio litigation and relied on the Cabrera Report in drafting his expert report. Chevron argued that any privilege was vitiated by the crime/fraud exception.<br><br>**Summary of Proceedings:**  The court granted the requested discovery.  (Ex. 35). The court did not reach the crime-fraud issue, finding that Scardina provided testimony directly to the Ecuadorian court, and thus was a testifying expert.  The court held that Rule 26 waived any privilege regarding Scardina's work product relating to the report, as well as information conveyed by Scardina to the LAPs or their affiliates and any information or documents considered or relied upon by Scardina in formulating his testimony. | Yes.  1 hour, 11/22/2010. | N/A | *In re Chevron Corp.*, 10-mc-00067-JCT<br><br>Opinion and Order, 11/24/2010 (Exhibit 35) |

Crime-Fraud Rulings In Applications Under 28 U.S.C. § 1782 Related To The Lago Agrio Litigation

| Case | Summary of Key Rulings Relating to Crime-Fraud | Hearing on Crime-Fraud? | Review documents? | Citations |
|---|---|---|---|---|
| **Borja**<br><br>N.D. Cal.; filed 9/10/2010 | **Background:**  The ROE sought discovery from Diego Borja and his wife, Sara Portilla.  The ROE argued that Chevron had submitted to the BIT Tribunal video footage taken by Borja in support of Chevron's claim that the Lago Agrio judge had demanded bribes in exchange for a ruling against Chevron.  The ROE argued that Borja had waived attorney-client privilege by failing to timely respond or produce a privilege log on or before the document production deadline, and also argued that the crime-fraud exception vitiated privilege claims.<br><br>**Summary of Proceedings:**  On September 15, 2010, the court granted the ROE's *ex parte* application.  (Ex. 36).  After a hearing on November 10, 2010, the court granted in part and denied in part Borja's motion to quash, without reaching privilege issues. (Ex. 37 at 13-14).  Hearings held November 10, 2010, and February 16, 2011, did not address the crime-fraud exception, and there has been no *in camera* review of documents.  (Exs. 38-39).  The court has scheduled a hearing in these consolidated cases for July 5, 2011. | Yes.  2 hours, 2/16/2011 | N/A | *In re Application of Repub. of Ecuador*, 10-mc-80225 CRB<br><br>Order, 9/15/2010 (Exhibit 36)<br><br>Order, 12/1/2010 (Exhibit 37)<br><br>Hearing Transcript, 2/16/2011 (Exhibit 38)<br><br>Order, 2/22/2011 (Exhibit 39) |

**Crime-Fraud Rulings In Applications Under 28 U.S.C. § 1782 Related To The Lago Agrio Litigation**

IV.   **Pending Cases In Which Courts Have Not Ordered Discovery Or Reached Crime-Fraud**

| Case | Summary of Key Rulings Relating to Crime-Fraud | Hearing on Crime-Fraud? | Review documents? | Citations |
|------|------------------------------------------------|-------------------------|-------------------|-----------|
| **Weinberg**<br><br>D.D.C.; filed 1/21/2011 | **Background:**  Chevron argued that discovery was needed from the Weinberg Group ("Weinberg") because of Weinberg's role as a cleansing expert used to direct new experts to inflate the LAPs' damages claim and whitewash the Cabrera fraud.  Chevron asserted that Weinberg drafted significant portions of some of the reports, directed an expert to remove qualifications from his report, had one expert work from the Weinberg office, and provided the experts with limited information as well as the Cabrera Report, without disclosing the Cabrera fraud.  Chevron argued that discovery should be permitted because of the exceptional circumstances of the substantial collaboration between Weinberg and the "new experts."<br><br>**Summary of Proceedings:** Chevron originally argued that the crime-fraud exception precluded any claim of privilege because Weinberg's work "had the intent and effect of laundering the Cabrera Report . . . and amount[ed] to a continuation of Plaintiffs' effort to defraud Chevron," but removed this argument in its revised application after the court ordered the parties to reserve all claims of privilege or objections thereto. (Ex. 40 at 3).  As of June 28, 2011, no hearing has been held. | No hearings held yet. | N/A | *In re Chevron Corp.*, No. 11-mc-00030-CKK<br><br>Order, 1/28/2011 (Exhibit 40) |

**Crime-Fraud Rulings In Applications Under 28 U.S.C. § 1782 Related To The Lago Agrio Litigation**

| Case | Summary of Key Rulings Relating to Crime-Fraud | Hearing on Crime-Fraud? | Review documents? | Citations |
|---|---|---|---|---|
| **Mason**<br><br>N.D. Cal.;<br>filed<br>4/27/2011 | **Background**:  The LAPs sought documents and deposition testimony from Mason Investigative Group, Inc. and two of its principle investigators, Eric Danford Mason and Joseph Phillip Parisi.  The LAPs argued that any privilege was waived or the crime-fraud exception applied.<br><br>**Summary of Proceedings**:  No hearings have been held or substantive orders issued as of 6/28/2011 | No hearings held yet. | N/A | *In re Application of Yaiguaje*, Nos. 3:11-mc-80087-CRB, 11-mc-80110-CRB |
| **Mackay**<br><br>E.D. Cal.;<br>filed<br>6/3/2011 | **Background**:  The ROE sought documents and deposition testimony from Douglas Mackay, an expert who has furnished reports in the Lago Agrio litigation and BIT Arbitration.<br><br>**Summary of Proceedings**:  No hearings have been held or substantive orders issued as of 6/28/2011. | No hearings held yet. | N/A | *In re Application of Republic of Ecuador*, No. 2:11-cv-00052-GSA |
| **Bjorkman**<br><br>D. Colo.;<br>filed<br>6/6//2011 | **Background**:  The ROE sought documents and deposition testimony from Bjorn Bjorkman, an expert who has furnished reports in the Lago Agrio litigation and BIT Arbitration.<br><br>**Summary of Proceedings**:  No hearings have been held or substantive orders issued as of 6/28/2011. | No hearings held yet. | N/A | *In re Application of Republic of Ecuador*, No. 1:11-cv-01470-WYD |

101101729.6

## <u>CERTIFICATE OF SERVICE</u>

I, Burt M. Rublin, Esquire, hereby certify that copies of the foregoing Chart Summarizing 18 U.S.C. § 1782 Proceedings Addressing Crime-Fraud was served upon all counsel of record on this 28th day of June, 2011 by the Court's ECF filing system.

<u>/s/ Burt M. Rublin              </u>

Burt M. Rublin